**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROBERT WOOTEN, | |
| Petitioner, | Civil Action No. 17-4929 (CCC) |
| v. | **MEMORANDUM OPINION** |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

**CECCHI, District Judge:**

This matter has come before the Court on a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 ("Motion") by Petitioner Robert Wooten, attacking a sentence imposed by this Court in *United States v. Wooten*, No. 11-cr-0695, ECF No. 21 (D.N.J. judgment entered June 14, 2012). At this time, the Court must screen for summary dismissal pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts. For the reasons stated below, the Court dismisses the Motion.

The Motion raises exactly one ground for relief, namely that this Court's imposition of the career offender enhancement under the United States Sentencing Guidelines is unconstitutional under *Mathis v. United States*, 136 S. Ct. 2243 (2016), and *Chang-Cruz v. Att'y Gen. of U.S.*, 659 F. App'x 114 (3d Cir. 2016). Specifically, Petitioner argues that his two prior state convictions under N.J.S.A. § 2C:35-7, *see* Presentence Investigation Report ("PSR") at 6, did not qualify as predicate offenses under the Guidelines in light of *Mathis* and *Chang-Cruz*. However, another court in this District has already held, and this Court agrees, that convictions under N.J.S.A. § 2C:35-7 qualify as predicate offenses under the career offender provision of the Guidelines. *See Gonzalez v. United States*, No. 16-9412, 2017 WL 4119585, at *3 (D.N.J. Sept. 15, 2017). Indeed, the petitioner in *Gonzalez* also raised a defense under *Chang-Cruz*, which the *Gonzalez* court found

1

inapplicable to the Guidelines, because *Chang-Cruz* dealt with a different statute governing immigration proceedings. *See id.* Moreover, *Gonzalez* also found that a challenge against § 2C:35-7 as a predicate offense is *not* a *Mathis* claim, and therefore cannot benefit from its filing date as the date the statute of limitations began to run. *See id.* As in *Gonzalez*, because Petitioner's judgment occurred more than a year before he filed the instant Petition, it is untimely. *See* 28 U.S.C. § 2255(f)(1). The Third Circuit affirmed *Gonzalez*, stating that "jurists of reason could not debate the Court's determination . . . that appellant's § 2255 claim based on *Mathis v. United States*, 136 S. Ct. 2243 (2016), was meritless." *Gonzalez v. United States*, No. 17-2381, 2017 WL 6606668, at *1 (3d Cir. Dec. 5, 2017). Accordingly, the Court adopts the reasoning in *Gonzalez*, affirmed by the Third Circuit, and dismisses the instant Motion.

The Court also denies a certificate of appealability ("COA"). Pursuant to 28 U.S.C. § 2253(c), "[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from" a final order in a proceeding under 28 U.S.C. §2255. 28 U.S.C. § 2253(c)(1)(B). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller–El v. Cockrell*, 537 U.S. 322, 327 (2003). Here, Petitioner has failed to make a substantial showing of the denial of a constitutional right, and no certificate of appealability shall issue. *See* Fed. R. App. P. 22(b)(1); 3d Cir. L.A.R. 22.2.

Date: June 12, 2018

_____
**Claire C. Cecchi, U.S.D.J.**